IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRYAN K. LYONS,                                  ) | |
|                                                         ) | |
|                           Plaintiff,            ) | |
|                                                         ) | |
|            v.                                         )          Case No. 09-2045-JWL-DJW | |
|                                                         ) | |
| JENNIFER KYNER, et al.,                     ) | |
|                                                         ) | |
|                           Defendants.     ) | |
|                                                         ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Bryan K. Lyons brings this action to challenge matters that occurred during the course of a trial in Jackson County, Kansas City, Missouri on February 22, 2005[1] and to obtain redress for an alleged failure of one or more defendants to provide him with a "safe living environment" in violation of the Fair Housing Act.[2]  Plaintiff asserts various claims against defendants in connection with the 2005 trial, including negligence, violations of several constitutional rights, and violations of several other criminal statutes.[3]  He also seeks relief under 42 U.S.C. § 1983 and asserts a claim of conspiracy under 42 U.S.C. § 1985(3).

---

[1] Plaintiff did not state whether the trial was a criminal or civil trial.  However, Plaintiff did assert that a witness accused him of burglarizing a house and that he was actually at home at the time.  (Doc. #7 at 14).

[2] Plaintiff proceeds pro se and in forma pauperis.

[3] The Magistrate Judge's report lists the various criminal statutes Plaintiff alleges have been violated:

On February 4, 2009, this Court directed Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim upon which relief could be granted.  On February 25, 2009, Plaintiff responded to the Show Cause Order, and the Court referred the matter to Magistrate Judge David J. Waxse, to make a recommendation concerning whether Plaintiff's complaint presented any cognizable claims.  The Magistrate Judge issued an extensive Report and Recommendation on September 3, 2009, finding that no cognizable claims exist and that Plaintiff's case should therefore be dismissed in its entirety (Doc. #10).  On September 15, 2009, Plaintiff filed timely objections to the Report and Recommendation (Doc. #12), which are now before the Court.  For the reasons discussed below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation of the Magistrate Judge, and dismisses Plaintiff's complaint in its entirety.

**I.  Standard of Review**

The Court reviews de novo those portions of the magistrate's report and recommendation to which written objections have been made.  Fed.R.Civ.P. 72(b).

| | |
|---|---|
| 18 U.S.C. § 3 | Accessory After the Fact |
| 18 U.S.C. § 51 | Criminal Conspiracy [Repealed] |
| 18 U.S.C. § 241 | Conspiracy Against Rights |
| 18 U.S.C. § 242 | Criminal deprivation of rights under color of law |
| 18 U.S.C. § 512 | Forfeiture of motor vehicle for which the identification number has been removed, tampered with, or altered |
| 18 U.S.C. § 1503 | Obstruction of Justice Relating to Influencing or Injuring Officer or Juror |
| 18 U.S.C. § 1510 | Obstruction of Criminal Investigation |
| 18 U.S.C. § 1513 | Retaliation Against a Witness, Victim or Informant |
| 18 U.S.C. § 1621 | Perjury |
| 18 U.S.C. § 1961-1963 | Criminal Racketeering |

Those portions to which neither party objects are deemed admitted, and failure to object in a *timely* and *specific* manner constitutes a waiver of the right to appeal.  See *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) and *Johnson v. Barnhart*, 402 F.Supp.2d 1280, 1282 (D. Kan. 2005) ("Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law.").  See also *Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (noting the objections must be timely and specific to preserve an issue for appellate review and finding that the plaintiff waived her review of specific issues by objecting only generally) and *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (same).  In addition, the Court is afforded considerable discretion in determining what reliance to place upon the magistrate judge's findings and recommendations.  *Johnson*, 402 F.Supp.2d at 1282.  The Court may accept, reject, or modify the Magistrate Judge's disposition.  28 U.S.C. § 636(b)(1) (1994); Fed.R.Civ.P. 72(b); *Johnson*, 402 F.Supp.2d at 1282.

## II.  Analysis

In the Report and Recommendation, the Magistrate Judge set forth the claims Plaintiff alleged against each of the three defendants in the action.  The Magistrate Judge

then explained how the claims against the defendants failed in various respects.  The

Court briefly summarizes these claims and the Magistrate Judge's findings below.[4]


A.  Plaintiff's Claims


*All Defendants or Unidentified Defendants*

Plaintiff alleges that the defendants acted negligently during the trial on February

22, resulting in an "unlawful judgment" that caused Plaintiff harm, including the loss of a

computer programming degree and mental distress.  (Doc. #7 at 5-6).  In particular, he

asserts that the defendants owed him a duty of a fair trial, and that they breached that

duty.  (Doc. #7 at 7).  He contends that the defendants conspired to deprive him of his

constitutional rights, including his right to equal protection under the law.  Moreover,

Plaintiff claims the defendants wrongfully prevented the prosecution of a certain

maintenance man at Plaintiff's apartment complex for the rape of a little girl living

nearby.  (Doc. #7 at 9).


*Defendant Bob Beard*

Plaintiff contends that Bob Beard [sic] served as the judge during the trial of

February 22, 2005 and that he conducted the trial unfairly.[5]  In particular, Plaintiff alleges

_____

[4] Like the Magistrate Judge, the Court will consider the allegations contained in
Plaintiff's response to the Show Cause Order as well as those contained in the Complaint.

[5] A judge "Bob Beaird" sits on the Sixteenth Circuit Court of Jackson County, Missouri.
The Court may take judicial notice of a fact when it is "one not subject to reasonable

Judge Beaird engaged in wrongful conduct by "giving victory to Jennifer,"[6] denying his request for a jury trial, taking advantage of his judicial position, and "showing favoritism to the ladies testimony while ignoring [Plaintiff's] truthfulness." (Doc. #7 at 19). Plaintiff claims he suffered gender discrimination at trial and therefore was denied equal protection. (Doc. #7 at 4). Plaintiff also alleges Judge Beaird denied him time to prepare his defense and did not permit him to cross examine witnesses, in violation of the Fifth Amendment. (Doc. #7 at 9). Plaintiff also claims Judge Beaird failed to maintain a "professional competence" acted in violation of his oath of office, and "abused his authority by assuming an adversarial role while cloaked with judicial authority." (Doc. #7 at 18-19).

*Defendant Jennifer Kyner*

Plaintiff describes Jennifer Kyner as one of the attorneys during the February 22, 2005 trial, presumably opposing counsel. Although Plaintiff contends Ms. Kyner is a "public official," (Doc. # 7 at 2) Plaintiff provides no support for this proposition. Plaintiff alleges Ms. Kyner acted negligently at trial, denied Plaintiff certain discovery, used perjured testimony, and conspired against Plaintiff to obtain an illegal judgment.

---

dispute in that it is either (1) generally known…or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). As judicial notice may be taken sua sponte (Fed.R.Evid. 201(c)), the Court finds it appropriate to sue sponte take judicial notice of the generally known fact that the appropriate spelling for the judge's name is "Bob Beaird."

[6] Plaintiff presumably referred to Jennifer Kyner, a defendant in this action who was apparently opposing counsel during the trial of February 22, 2005.

5

(Doc. #1 at 3). In addition, Plaintiff asserts a claim against Ms. Kyner for violation of the Fair Housing Act for failing to provide him with a "safe living environment."[7]

*Defendant Jody Pryor*

Plaintiff identifies Jody Pryor as a "landlord" (Doc. #7 at 21). However, Plaintiff does not differentiate his claims against Ms. Pryor from those asserted against the other defendants. The Court therefore presumes Plaintiff did not intend to assert any additional claims against Ms. Pryor.

B. The Magistrate Judge's Conclusions and Plaintiff's Objections

The Magistrate Judge concluded that (1) the Court lacked subject matter jurisdiction over all claims, except for the claim arising under the Fair Housing Act, (2) judicial immunity barred Plaintiff's claims for monetary damages against Judge Beaird, (3) Plaintiff had no legal grounds for asserting claims for injunctive and declaratory relief against Judge Beaird, (4) the applicable statutes of limitations barred all claims, and (5) the allegations that the defendants failed to provide Plaintiff a "safe living environment" could not support a claim for relief under the Fair Housing Act, which this Court has

---

[7] It is not clear precisely which defendants Plaintiff claims violated his right to a "safe living environment." In the Complaint, Plaintiff states that he "is suing Jennifer [illegible] under 42-3601 violations of fair housing act failed safe living environment." (Doc. #1 at 5). The Court therefore assumes Plaintiff intends to assert this claim against Jennifer, the attorney at the trial of February 22. Regardless of whether the defendant intended to assert the claim against others as well, the Court concludes that Plaintiff failed to state a claim under the Fair Housing Act.

found applies only to discrimination occurring in connection with the sale or rental of housing.

Plaintiff objected to the Magistrate Judge's Report and Recommendation by generally objecting to "any and all of the Report and Recommendation." (Doc. # 12). Plaintiff also stated that he believes "immunity does not cover corruption in office or limitations."

C.  Analysis of the Objections to the Report and Recommendation

Plaintiff's general objection to "any and all of the Report and Recommendation" fails to identify for the Court those portions of the Magistrate Judge's Report that might be validly objectionable.  Nonetheless, the Court will explain why it overrules Plaintiff's more specific objections to the Report and Recommendation, and briefly address why it adopts the Magistrate Judge's conclusions as to the rest of the issues encompassed by Plaintiff's general objection.

First, Plaintiff objects because he believes a judge is not immune if he acts corruptly.  However, Plaintiff's contention has no legal basis.  As the Magistrate Judge explained in his Report and Recommendation, a judge is absolutely immune from suit under § 1983 for actions taken within his judicial capacity unless he acts in the "clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Therefore, a judge will be protected by judicial immunity even for an erroneous decision or malicious act.  *Segler v. Felfam Ltd. Partnership*, 324 Fed. Appx. 742, 743 (10th Cir. May 11, 2009) (citing *Stump v. Sparkman*, 435 U.S. at 356-57 (1978)).  As explained in *Stump v.*

*Sparkman*, as early as 1872 the courts recognized that judges were not to be held liable in civil actions "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 435 U.S. at 355-56. Rather, the proper inquiry is whether the judge acted in the clear absence of all jurisdiction, looking to whether he had jurisdiction over the subject matter before him at the time he took the challenged action. *Id.* at 356. Plaintiff has not put forth any facts to indicate that Judge Beaird lacked jurisdiction over the subject matter of the trial. Therefore, the Court finds Plaintiff's objection legally unfounded and overrules it.

Concerning judicial immunity, Plaintiff additionally asserts in his reply to the Show Cause Order that Judge Beaird did not act in a judicial capacity but rather was engaging in "private conduct in violation of his oath of public office." (Doc. #7 at 10). In particular, he alleges that Judge Beaird told Jennifer half-way through the trial that judgment would be entered on her behalf, and that this act of "giving victory" to Jennifer before the trial ended was not a judicial function. (Doc. #7 at 13). Also, Plaintiff asserts that Judge Beaird acted outside his judicial capacity by stating to Plaintiff that "he would send [him] to a hanging judge," (Doc. #7 at 14) by refusing to give him sufficient time to prepare his defense, and by depriving him of his rights to a jury trial and to cross examine the witnesses against him. Lastly, Plaintiff alleges Judge Beaird was personally biased and therefore should not have presided over his case. (Doc. #7 at 17).

Whether a particular act by a judge is "judicial" in nature hinges upon whether the judge performed a function normally performed by a judge and whether the parties deal with the judge in his judicial capacity. *Stump v. Sparkman,* 435 U.S. at 362. Plaintiff has

not presented a credible argument that Judge Beaird performed an act that would not typically be performed by a judge during a trial.  For example, the act of determining whether to permit a jury trial or whether to permit a defendant to cross examine a witness is judicial in nature as a function normally performed by a judge and in his capacity as a judge.  Therefore, the Court finds Plaintiff's allegations insufficient to conclude that Judge Beaird was acting outside of his judicial capacity.

Even if judicial immunity did not protect Judge Beaird, the Court concludes that Plaintiff nonetheless fails to state a claim, against either Judge Beaird or the other two defendants, for the reasons discussed by the Magistrate Judge in the Report and Recommendation.  The Court briefly addresses each of these issues below.

First, the Magistrate Judge properly noted that the Court lacks jurisdiction to decide Plaintiff's claims concerning matters occurring during the course of a state court trial.  As the Magistrate Judge explained, Plaintiff does not have a right to bring a civil claim based upon a violation of any of the criminal statutes he cited as having been violated.  (Doc. # 10 at 11).  In addition, *Rooker-Feldman* requires the dismissal of all of Plaintiff's civil claims that seek review and reversal of the state court judgment for lack of subject matter jurisdiction.  The *Rooker-Feldman* doctrine "prevents the lower courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."  *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 897 (2008).  Therefore, a complaint filed in this Court seeking "review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*."  *Erlandson v. Northglenn Mun.*

*Court*, 528 F.3d 785, 789 (10th Cir. 2008), cert. denied, 129 S. Ct. 928 (2009).  Plaintiff

sought review and reversal of the state court judgment so as to implicate the *Rooker-*

*Feldman* doctrine because Plaintiff requested that the Court "overturn" the "illegal

orders" of Judge Beaird and to "overturn" the judgment rendered against him because of

the "wrongful procedures" used.  (Doc. #1 at 4 and Doc. #7 at 37).  This Court therefore

lacks subject matter jurisdiction over the claims relating to the illegality of the state court

judgment.  *Erlandson v. Northglenn Municipal Court*, 528 F.3d at 789 (finding that the

district court lacked subject matter jurisdiction under *Rooker-Feldman* because the

plaintiff requested that the district court overturn his conviction).

Second, the Magistrate Judge explained that even if the Court had jurisdiction over

Plaintiff's claims, the applicable statutes of limitations barred all of the claims relating to

the allegedly unlawful judgment arising out of the 2005 trial.  Plaintiff contends in his

objections that "immunity does not cover corruption in office or limitations."  It is

unclear what argument Plaintiff asserts in relation to the statutes of limitations, if any.

However, the Court concludes it would overrule Plaintiff's objections regardless, as the

Magistrate Judge correctly found all such claims time-barred.  Plaintiff's § 1983 claim is

subject to a two-year statute of limitations, based upon the Kansas statute of limitations

for personal injuries.  *Karlin v. City of Beloit, Kan.*, 2008 WL 4642284, at *2 (D. Kan.

Oct. 17, 2008) (citing *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir.

1984) (quoting K.S.A. § 60-513(a)(4)).  Moreover, the §1985(3) claim is subject to the

same statute of limitations as a § 1983 claim, and is therefore barred two years after

accruing.  *See Robinson v. Maruffi*, 895 F.2d 649, 653-54 (10th Cir. 1990).  Lastly, the

negligence claims are barred by a two year statute of limitations as well.  *See Carolina Indus. Prods., Inc. v. Learjet, Inc.*, 189 F.Supp.2d 1147, 1181 (D. Kan. 2001) ("A federal court sitting in diversity must apply the substantive law of the state in which it sits, including that state's choice of law rules…Kansas treats statutes of limitation as procedural for choice of law questions and, therefore, applies Kansas statutes of limitation even when the law of another jurisdiction governs a case.") (citing *Wortman v. Sun Oil Co.,* 241 Kan. 226, 232, 755 P.2d 488 (Kan. 1987),  *aff'd*,  486 U.S. 717 (1988)) and K.S.A. 60-513(a)(4) ("The following action shall be brought within two years: … An action for injury to the rights of another, not arising on contract, and not herein enumerated.").  As the claims arose in 2005 at the time of the allegedly wrongful judgment, and Plaintiff did not file this action until January 29, 2009, Plaintiff failed to assert his claims based upon the 2005 trial in time.

Lastly, the Magistrate Judge found that Plaintiff did not state a claim under the Fair Housing Act merely by alleging that defendants failed to provide a "safe living environment."  (Doc. #10 at 25-26).  As the Magistrate Judge pointed out, Plaintiff did not allege that he suffered discrimination due to his "race, color, religion, sex, familial status, or national origin" in connection with the sale or rental of housing, as required to state a claim under the Fair Housing Act.  See *King v. Metcalf 56 Homes Ass'n*, 2004 WL 2538379, at *2-3 (D. Kan. Nov. 8, 2004).  Rather, Plaintiff asserted that he was "physically injured by tenants" and that the witnesses at the trial "assaulted" him on the apartment grounds.  (Doc. #7 at 8, 10).  The Court therefore adopts the finding of the Magistrate Judge and concludes that Plaintiff failed to establish sufficient facts "to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.  Conclusion

For the reasons explained above, the Court agrees with the Magistrate Judge's conclusions and, additionally, finds no merit to the specific objections raised by Plaintiff. Therefore, the Court will adopt the Report and Recommendation of the Magistrate Judge and dismiss Plaintiff's complaint in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court adopts the Magistrate Judge's Report and Recommendation.  Accordingly, the Court dismisses Plaintiff's complaint in its entirety.

**IT IS SO ORDERED** this 9th  day of October, 2009.

s/ John W. Lungstrum
John W. Lungstrum
U.S. District Judge